Harry B. Frank, J.
Plaintiff, the People of the State of New York, moves for summary judgment in this action to recover a civil penalty under subdivision (4) of-section 389 of the Conservation Law for defendant’s alleged violation of paragraph (b) of subdivision (1) of section 275 of the Conservation Law, while defendant cross-moves for summary judgment dismissing the complaint.
*588 Paragraph (b) of subdivision (1) of section 275 prohibits the taking of fish from a body of water in the State by shutting and drawing off the water. Subdivision (4) of section 389 prescribes the penalty therefor: a fine of $500 for the first fish so taken, and $10 for each additional fish. Plaintiff charges defendant with violation of the statute in the testing of its Indian Point No. 2 power plant, located alongside the Hudson River in Buchanan, New York. The plant, operated essentially by nuclear power, draws waters from the Hudson River by intake pumps for use in the cooling of condensers. Hearings held before the New York State Commissioner of Environmental Conservation, following his issuance of an order to cease such water intake operations, reveal that in a four-day period of operation of the water intake equipment approximately 130,000 fish were killed, most, apparently, by reason of impalement on wire mesh screens used to prevent fish and other objects from entering the plant system. Moreover, defendant does not deny that it foresaw the likelihood of this event occurring.
Defendant, in support of its motion to dismiss the complaint, urges that the above-cited section of the Conservation Law was intended and should be held to apply only to the damming of sections of water for the purpose of taking the fish as the water level is lowered. The only support for this interpretation is found in subdivision (5) of section 275 which, in substance, and insofar as herein pertinent, excludes from liability for violation of the section, one operating a dam or impoundment used in production of hydroelectric power. Based thereon, defendant asserts that since the end product of its plant is electric power, it too should be excluded, because holding otherwise would afford it unequal protection of the law, based solely on the means used to produce the power. The defect in this argument is that it cannot be held that no logical basis appears for differentiating the means used to produce the power. On the contrary, construction of a dam could logically be regulated in a manner which would minimize fish loss after completion. Defendant’s operation, on the other hand, would effect a continuous loss of fish. Nor has defendant made a sufficient showing to warrant the finding that a triable issue exists as to whether its construction of facilities in a manner to reduce or eliminate the continued killing of fish is impossible, mechanically or economically. Thus, cases such as People v. Cunard White Star (280 N. Y. 413) and People v. New York Edison Co. (159 App. Div. 786) are distinguishable >on that basis, as well as on the ground that here only a civil penalty is involved.
*589 The language of the statute involved herein is clear and unambiguous, and no triable issue exists concerning defendant’s violation. If defendant is to be afforded relief from the statute or its impact, it must be sought from the Legislature.
Accordingly, the motion is granted and the issue of the amount of the penalty shall be set down for inquest (.see CPLB 3212, subd. [c]).