■ The People of the State of New York, Respondent, v. Consolidated Edison Company of New York, Inc., Appellant.— Order, Supreme Court, New York County, entered November 9, 1972, granting plaintiff's motion for summary judgment adjudging defendant to be liable for violation of section 275 (subd. [1], par. [b]) of the Conservation Law and directing a hearing to assess the penalty to be imposed pursuant to subdivision (4) of section 389 of

the Conservation Law, reversed, on the law, without costs and without disbursements, and plaintiff's motion for summary judgment denied. The stay granted by order of this court entered on December 7, 1972 is vacated. (Conservation Law, § 275, subd. [1], par. [b]; § 389, subd. [4] recodified as parts of the Environmental Conservation Law effective September 1, 1972.) This is an action for a penalty. A statute which prescribes a civil penalty is penal in nature and must be construed strictly in favor of the party against whom the penalty is sought to be imposed. (44 N. Y. Jur., Penalties and Forfeitures, § 8; *New York State Thruway Auth.* v. *Maislin Bros. Transport,* 35 A D 2d 301, 303.) Section 275 (subd. [1], par. [b]) of the Conservation Law, which defendant is charged with violating, prohibits the taking of fish "by shutting or drawing off water." The legislative history of that section indicates that intent is an ingredient of the offense. Where a violation of a statute and the right to a penalty require intentional conduct, a lack of intent constitutes a defense. (See *Verona Central Cheese Co.* v. *Murtaugh,* 50 N. Y. 314.) In our opinion, even assuming, without deciding, that intent is not essential to establish a violation of section 275 (subd. [1], par. [b]), the record nevertheless presents a triable issue on the question of whether defendant was in violation of that section in view of the claimed efforts by defendant to solve the problem of fish impingement by the use of the best techniques available, all with the knowledge and acquiescence of the Department of Environmental Conservation. These issues cannot be determined without a trial, and apart from any other factors, summary judgment is impermissible under the circumstances. Concur — McGivern, J. P., Nunez, Kupferman and Tilzer, JJ.; Murphy, J. dissents and would affirm on the opinion of Frank, J., at Special Term. [71 Misc 2d 587.]